# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH CUNNINGHAM, IDOC # B32877, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 11-420-GPM ) |
| MICHAEL P. RANDLE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Kenneth Cunningham, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of life imprisonment at the Stateville Correctional Center ("Stateville") for drug trafficking offenses, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to Cunningham's pro se complaint, on September 22, 2009, Defendant Brad Thomas, an IDOC investigator, ordered Cunningham, who was incarcerated in the Menard Correctional Center ("Menard") at the time, to be placed in the segregation unit at Menard in investigative detention. On December 3, 2009, Cunningham was placed in administrative detention at Menard. On December 16, 2009, Cunningham was transferred from Menard to Stateville, where Cunningham was placed in segregation for seven days. Cunningham alleges that Thomas and Defendant Donald Gaetz, the warden of Menard, placed him in segregated confinement at Menard in violation of IDOC regulations and constitutional due process. Also named as Defendants are Janet Cowell, a grievance officer at Menard, Sarah Johnson, a counselor employed by the IDOC's administrative review board, and Michael P. Randle, the former director of the IDOC. Cunningham alleges that Cowell, Johnson, and Randle violated his constitutional rights by denying or failing to act on grievances that Cunningham filed concerning his placement in investigative and

administrative detention at Menard. Cunningham seeks damages of $200 per day for each of the ninety-three days that he was held in segregated confinement and $200,000 in punitive damages.

With respect to Cunningham's allegations that officials at Menard, including Gaetz, violated IDOC regulations governing placement of prisoners in administrative detention, if true, they do not state a constitutional claim. "[T]he Constitution does not compel states to follow their own laws. Nor does it permit a federal court to enforce state laws directly." *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003) (citations omitted). *See also Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) ("[V]iolation of state law is not itself . . . violation of the Constitution."). With respect to Cunningham's due process claim in connection with his placement in segregated confinement, to show a violation of due process a prisoner must point to an interest in life, liberty, or property of which he or she cannot be deprived without due process of law. *See Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Westefer v. Snyder*, 725 F. Supp. 2d 735, 742-43 (S.D. Ill. 2010). It is clearly established that IDOC regulations do not confer on prisoners in IDOC custody any interest in avoiding non-disciplinary segregation that commands due process protection. *See Pardo v. Hosier*, 946 F.2d 1278, 1283-84 (7th Cir. 1991); *Woods v. Thieret*, 903 F.2d 1080, 1082-83 (7th Cir. 1990); *Leslie v. Doyle*, 868 F. Supp. 1039, 1044-45 (N.D. Ill. 1994). *Cf. Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (citing *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982)) ("[T]he law is well-settled that state-created procedural rights do not, standing alone, constitute protected [constitutional] interests."). Moreover, as a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions . . . constitute an 'atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Seventh Circuit has held that, in general, conditions in non-disciplinary segregation even at the most secure prison in a state do not implicate due process. *See Wagner v. Hanks*, 128 F.3d 1173, 1174-76 (7th Cir. 1997). Additionally, the Seventh Circuit Court of Appeals has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not violate due process. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (collecting cases). *See also Townsend v. Fuchs*, 522 F.3d 765, 770-72 (7th Cir. 2008) (fifty-nine days in non-disciplinary segregation did not violate due process); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (ninety days in disciplinary segregation); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (sixty days in disciplinary segregation); *Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996) (ninety days in non-disciplinary segregation); *Terrell v. Godinez*, 966 F. Supp. 679, 683 (N.D. Ill. 1997) (sixty days in disciplinary segregation). Here the approximately three months Cunningham spent in non-disciplinary segregation at Menard clearly do not implicate due process, particularly absent any allegations showing that the conditions of Cunningham's segregated confinement imposed atypical and significant hardship on him.[1]

---

1. As to the seven days Cunningham spent in disciplinary segregation at Stateville, a prisoner convicted or sentenced for an offense may not bring an action for damages under 42 U.S.C. § 1983 where a judgment in favor of the plaintiff necessarily would imply the invalidity of the prisoner's conviction or sentence, save when the prisoner can demonstrate that the conviction or sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996). In this instance, Cunningham does not allege that the disciplinary conviction that resulted in his segregation placement at Stateville has been invalidated. Also, as already has been discussed above, a week spent in disciplinary segregation does not trigger due process concerns.

As to Cunningham's claims against Gaetz, Cowell, Johnson, and Randle for denying grievances that Cunningham filed concerning his placement in investigative and administrative detention at Menard, here too Cunningham has failed to state a claim for relief. There is, of course, a constitutional right to address complaints to state officials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). However, the right to petition the government for redress of grievances "does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, "a citizen's right to petition the government does not guarantee . . . the right to compel government officials to . . . adopt a citizen's views." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (brackets omitted). The Seventh Circuit Court of Appeals specifically has held that a prison official's denial of a prisoner's grievances about the conditions of his or her confinement, even if wrongful, is not a basis for a claim under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. *See also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights[.]"). In this case Cunningham alleges merely that Gaetz, Cowell, Johnson, and Randle rejected his administrative complaints about supposed misconduct directed against him at Menard. This does not state a claim upon which relief may be granted. Accordingly, Cunningham's claims against Gaetz, Cowell,

Johnson, and Randle based on allegedly wrongful denials of Cunningham's grievances will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Cunningham's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Therefore, this action is **DISMISSED with prejudice**. Cunningham's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. Cunningham is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: June 10, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge